**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2016[*]
Decided September 1, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1648

| | |
|---|---|
| GORDON PARKER, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> CHRISTOPHER DUCKWORTH and <br> JAMES FISCUS, <br>     *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. <br><br> No. 1:14-cv-01854-SEB-DKL <br><br> Sarah Evans Barker, <br> *Judge*. |

**O R D E R**

Gordon Parker sued two Indianapolis police officers under 42 U.S.C. § 1983 after he was arrested and charged with racketeering and drug crimes but the State then dismissed the charges. Parker alleged that the officers had deceived the prosecutor by falsifying an affidavit for probable cause implicating him in a drug deal. The district court granted summary judgment for the officers, finding that the affidavit established probable cause and that the accuracy of its content is undisputed. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

According to Parker's complaint, in 2012 defendant-officers Christopher Duckworth and James Fiscus were investigating suspected illegal activity at a barbershop where Parker worked. Parker alleged that, although he was not involved in any illegal activity, the officers "falsified their reports … to make it appear that he committed crimes." Fiscus, he said, had submitted an affidavit for probable cause in which he wrote that Duckworth had seen him drive a co-worker to a drug deal in the barbershop's parking lot on May 23. In his affidavit, Fiscus recounted that Duckworth watched Parker pull into the north side of the barbershop parking lot and wait while a man got out, sold drugs to an informant, and then re-entered the car. This account is false, Parker asserted, because he did not drive the other occupant *to* the barbershop; rather, he said, his car had been in the lot while he was working and he was just giving a co-worker a ride home. In his complaint, Parker insisted that he was uninvolved in the sale to the informant and did not even know it had occurred. Yet six months later, he continued, a prosecutor—relying on "the false reports of Officers Duckworth and Fiscus contained in the false and misleading affidavit of probable cause"—charged him with five felonies and obtained a warrant for his arrest. Parker added that he surrendered to authorities after learning of the warrant.

The defendant officers moved for summary judgment on the ground that the undisputed evidence establishes that they had probable cause to believe Parker was involved in selling drugs on May 23, 2012. Officer Duckworth, in an affidavit, averred that on that evening he equipped an informant with a video camera to record a controlled buy and then followed him to the barbershop parking lot. There Duckworth observed a man later identified as Parker drive to the north side of the lot. A second man, Jamarson Fitzgerald, exited the passenger side of the car and walked over to the informant's car to make an exchange. Duckworth later reviewed video from the informant's camera, he said, and could see Fitzgerald handing a wadded paper towel containing what Duckworth believed to be cocaine in exchange for cash. Afterward, according to Duckworth, Fitzgerald returned to Parker's car, followed by the informant. The informant later explained, Duckworth continued, that he had asked Fitzgerald if he had any marijuana and was told yes. In his affidavit Duckworth recounted watching Fitzgerald lean into the car through the open passenger's door and retrieve a substance he believed to be marijuana from a bag on the seat. Fitzgerald handed the drug to the informant in exchange for more cash. During both drug sales, according to Duckworth, Parker was sitting in the driver's seat and likely would have smelled the marijuana since the odor was strong enough for the officer to detect just while standing near the informant. Duckworth stated that he later identified Parker as the driver of the car by

matching his driver's-license photo in the state bureau of motor vehicles to the video recording and by presenting a photo line-up to the informant.

Officer Fiscus also submitted an affidavit describing his drafting of the 44-page affidavit for probable cause after spending six months investigating drug activity at the barbershop. The investigation, Fiscus said, involved over 30 controlled buys, including the two on May 23, 2012. According to Fiscus, he relied on several sources in describing what happened on May 23: the audio and video recording from the informant, eyewitness accounts of police officers (including Officer Duckworth), the informant's identification of Parker as the driver of the car, and Parker's driver's-license photo. Based on these sources, Fiscus asserted, he concluded that Parker would have known that Fitzgerald was selling drugs. Additionally, in support of the motion, the officers submitted still photos from the video recording and excerpts from Parker's deposition, in which he admitted that—based on the video—the affidavit for probable cause accurately described the two drug transactions and his location during both of them.

In response to the officers' motion for summary judgment, Parker did not dispute the officers' version of the facts, except to say that he "never arrived with Mr. Fitzgerald in his car, he was just giving him a ride home at the end of that day." Parker maintained, as he did when deposed, that he was not aware that Fitzgerald was selling drugs to the informant even though he saw them conversing. And Officer Duckworth's testimony, on its own, Parker argued, was not enough to establish that the officers had probable cause to believe that he was involved in Fitzgerald's drug sales.

The district court, in granting summary judgment for the officers, first concluded that no material facts were disputed. Given the information available to the officers, the court reasoned, they had probable cause to believe that Parker participated in Fitzgerald's sales, whether or not he actually did. A reasonable officer could presume, the court explained, that a person who drives a drug dealer to make a sale "would be trusted and helping, at the very least by keeping a look out for police or assisting if any other complications arose." Moreover, the court said, it also would be reasonable for the officers to believe that Parker would have smelled the strong odor of marijuana as Fitzgerald retrieved the drug and handed it to the informant.

The district court correctly concluded that Parker's claims fail as a matter of law because the officers had probable cause to believe that he had committed a crime. *See Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015) (explaining that claims against police officers for false arrest, false imprisonment, and malicious prosecution "fail as a matter of law" if there was probable cause to arrest); *Mustafa v. City of Chicago*, 442 F.3d

544, 547 (7th Cir. 2006) ("Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution."). Under Indiana law, anyone who "knowingly or intentionally aids, induces, or causes another person to commit an offense" is liable as a principal. IND. CODE § 35-41-2-4. Factors relevant to accomplice liability include "(1) presence at the scene of the crime; (2) companionship with another engaged in a crime; (3) failure to oppose the commission of the crime; and (4) the course of conduct before, during, and after the occurrence of the crime." *Graham v. Indiana*, 941 N.E.2d 1091, 1098 (Ind. Ct. App. 2011) (quoting *Stokes v. Indiana*, 919 N.E.2d 1240, 1245 (Ind. Ct. App. 2010)).

Based on the undisputed evidence, the officers reasonably could have believed that Parker probably aided Fitzgerald during the two drug transactions. Parker's physical proximity to the deals suggests that he probably knew that they were taking place. And Parker's position in the driver's seat suggests that he was there to help Fitzgerald, either by looking out for police or by offering to be the getaway driver if something went wrong. *See United States v. Gary*, 790 F.3d 704, 707 (7th Cir. 2015) (concluding that police officers had probable cause to arrest car passenger who was sitting next to driver when driver sold drugs from car without any attempt to conceal transaction, because, "[i]n such close quarters, it was reasonable to infer that [the passenger] and the driver were probably engaged in a common enterprise") None of this was conclusive proof that Parker was guilty, but it provided probable cause.

Parker argues that Officer Duckworth's testimony is not enough, on its own, to support a finding of probable cause, and that Duckworth knowingly gave Officer Fiscus false information about Parker. But "[p]robable cause can be based on a single identification from a credible eyewitness," *Hart*, 798 F.3d at 587, and Parker presented no evidence that Duckworth was not credible. Nor did Parker present any evidence to support his allegation that Duckworth knowingly provided false information to Fiscus. Moreover, Fiscus did not rely on Duckworth's account alone in preparing the affidavit for probable cause. He also relied on his own review of the video (which, Parker conceded, shows Fitzgerald selling drugs to the informant while he sat nearby), the observations of other officers who watched the sale, and the informant's identification of Parker as the driver.

Finally, Parker also contends that a genuine dispute of fact exists about whether he actually was involved in the sale. But whether he actually assisted Fitzgerald is not material to whether the officers had probable cause to believe that he did.

AFFIRMED.